# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

IN RE:

MuniVest Services, LLC, et al.

       Debtors.

Case No. 10-71403-pjs
Chapter 7
(Jointly Administered)

Hon. Phillip J. Shefferly

---

Gene R. Kohut, Chapter 7 Trustee for
MuniVest Services, LLC, et al.,

Plaintiff,

       v.

International Union, United Automobile,
Aerospace and Agricultural Implement
Workers of America Local 1700,

Defendant.

Adv. P. No. 12-05899 (PJS)

## ANSWER

Defendant Local 1700 of the International Union, United Automobile, Aerospace
and Agricultural Implement Workers of America ("the Local") responds as follows to the
complaint in the above-captioned matter.

1. Avers that paragraphs 1-2 set forth a description of the action to which no
responsive pleading is required. To the extent a response is required, the Local denies
paragraphs 1-2.

2.    Avers that paragraphs 3-6 set forth conclusions of law as to which no responsive pleading is required.

3.    Admits the allegations in paragraphs 7-8.

4.    Denies knowledge or information sufficient to admit or deny the allegations in paragraphs 9-11.

5.    Admits the allegations in paragraphs 12-13 except denies knowledge or information sufficient to admit or deny that the Mona Shores Public Schools was the largest victim.

6.    Denies knowledge or information sufficient to admit or deny the allegations in paragraphs 14-16.

7.    Responds to paragraph 17 by referring the Court to the Coordination Agreement for the contents thereof.

8.    Admits the allegations in paragraph 18.

9.    Avers that paragraph 19 sets forth conclusions of law as to which no responsive pleading is required.

10.    Avers that paragraph 20 sets forth a description of the action as to which no responsive pleading is required.

11.    Denies knowledge or information sufficient to admit or deny the allegations in paragraphs 21-25, except denies that the Local was enriched.

12.    Denies the allegations in paragraph 26.

13.    Denies knowledge or information sufficient to admit or deny the allegations in paragraph 27, except denies that the amounts of interest promised to the Local were implausibly large.

- 2 -

14.     Denies knowledge or information sufficient to admit or deny the allegations in paragraph 28.

15.     Responds to paragraph 29 by admitting that Munivest did not provide the Local with documents from the banks that purportedly sold the certificates of deposit.

16.     Denies knowledge or information sufficient to admit or deny the allegations in paragraph 30.

17.     Responds to the allegations in paragraph 31 by admitting that the Local received distributions from Munivest, denying that the Local requested the distributions and denying knowledge or information sufficient to admit or deny whether they were nothing more than fictitious profits.

18.     Responds to paragraph 32 by admitting that the Local redeemed or closed two of its accounts with Munivest and that it received distributions consistent with statements from Munivest.

19.     Denies the allegations in paragraph 33, except denies knowledge or information sufficient to admit or deny that some creditors received nothing.

20.     Denies knowledge or information sufficient to admit or deny the allegations in paragraph 34.

21.     Denies paragraph 35.

22.     Denies knowledge or information sufficient to admit or deny the allegations in paragraphs 36-37.

23.     Responds to paragraph 38 by admitting that the Local invested with Munivest on certain dates in 2007 and 2008.

24.     Denies the allegations in paragraph 39.

25. Admits the allegations in paragraph 40.

26. Denies the allegations in paragraph 41.

27. Denies paragraph 42.

28. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 43.

29. Responds to paragraph 44 by admitting that Munivest offered the Local a 5-year certificate of deposit in December 2008 with a rate of 5.99%.

30. Denies paragraph 45-47.

31. Responds to the allegations in paragraph 48 by admitting that the Local received certain documents from Munivest that bear the language alleged.

32. Denies paragraph 49.

33. Responds to paragraph 50 by admitting that the Local received certain documents from Munivest marked "Data Management Payroll Services" and denying knowledge or information sufficient to admit or deny that Data Management Payroll Services is an employee payroll service.

34. Denies knowledge or information sufficient to admit or deny the allegations in paragraphs 51-52.

35. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 53 except admits that Munivest asked that the Local send funds directly to Munivest.

36. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 54 except admits that the Local sent the payments to Munivest.

37. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 55.

38. Admits paragraph 56.

39. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 57.

40. Responds to paragraph 58 by admitting that the Local invested monies with Munivest on certain dates in 2007 and 2008.

41. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 59 except admits that the payments came from Munivest.

42. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 60.

43. Admits paragraph 61.

44. Responds to paragraph 62 by respectfully referring the Court to the documents for the contents thereof.

45. Admits paragraphs 63-64.

46. Denies knowledge or information sufficient to admit or deny the allegations in first sentence of paragraph 65 and, in response to the second sentence, admits that one of the documents that the Local received from Munivest bears the words "paying agent" and "ADP."

47. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 66-67.

48. Denies paragraph 68.

49.     Responds to the allegations in paragraph 69 by respectfully referring the Court to the minutes for the contents thereof.

50.     Admits the allegations in paragraph 70.

51.     Denies knowledge or information sufficient to admit or deny the allegations in paragraphs 71-74.

52.     Responds to the allegations in paragraph 75 by denying knowledge or information sufficient to admit or deny what other investors saw or did but denies that there were "red flags" for the Local.

53.     Denies knowledge or information sufficient to admit or deny the allegations in paragraphs 76-77, except denies that the Local failed to exercise due diligence.

54.     Denies the allegations in paragraph 78, except admits that the Local invested funds with Debtors.

55.     Responds to the allegations in paragraph 79 by denying knowledge or information sufficient to admit or deny what other investors did but denies that there were "red flags" for the Local.

56.     Responds to the allegations in paragraph 80 by admitting that the Local received monies from the Debtors before the Petition Date but denies that they were avoidable transfers and denies knowledge or information sufficient to admit or deny that the payments came from accounts located in Michigan.

57.     Responds to the allegations in paragraph 81 by admitting that the Local received the payments listed on Exhibit A and denying that the payments were avoidable transfers.

58.     Avers that paragraph 82 sets forth a conclusion of law as to which no responsive pleading is required.

59.     Responds to the allegations in paragraph 83 by admitting that the Local received at least $100,000 from Debtors within 90 days of the Petition Date but denying that these payments were avoidable transfers.

60.     Denies knowledge or information sufficient to admit or deny the allegations in paragraph 84.

61.     Avers that paragraph 85 sets forth conclusions of law as to which no responsive pleading is required.

62.     Denies the allegations in paragraphs 86-87.

63.     Avers that paragraph 88 sets forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, paragraph 88 is denied.

64.     Denies knowledge or information sufficient to admit or deny the allegations in paragraph 89, except denies that the payments were avoidable transfers.

65.     Avers that paragraph 90 sets forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, paragraph 90 is denied.

66.     Avers that paragraphs 91-92 set forth a description of the action to which no responsive pleading is required.

67.     For its response to paragraph 93, the Local restates its responses to the previous paragraphs of the complaint.

68.     Avers that paragraphs 94-96 set forth conclusions of law as to which no responsive pleading is required.  To the extent a response is required, paragraphs 94-96 are denied.

69.     For its response to paragraph 97, the Local restates its responses to the previous paragraphs of the complaint.

70.     Avers that paragraphs 98-102 set forth conclusions of law as to which no responsive pleading is required. To the extent a response is required, paragraphs 98-102 are denied, including the allegation that the payments were preferential transfers.

71.     Responds to paragraph 103 by averring that to the extent it states a conclusion of law, no responsive pleading is required and to the extent it makes allegations of fact, the Local denies knowledge or information sufficient to admit or deny the allegations. The Local denies that payments made to the Local were avoidable transfers.

72.     Denies knowledge or information sufficient to admit or deny the allegations in paragraph 104.

73.     Avers that paragraphs 105-07 set forth conclusions of law as to which no responsive pleading is required, including the assertion that the payments were preferential transfers. To the extent a response is required, paragraphs 105-07 are denied, including the allegation that the payments were preferential transfers.

74.     For its response to paragraph 108, the Local restates its responses to the previous paragraphs of the complaint.

75.     Avers that paragraph 109 sets forth a conclusion of law to which no responsive pleading is required.

76.     Avers that paragraphs 110 sets forth conclusions of law as to which no responsive pleading is required, including the assertion that the payments were preferential transfers. To the extent a response is required, paragraph 110 is denied, including the allegation that the payments were preferential transfers.

- 8 -

77. For its response to paragraph 111, the Local restates its responses to the previous paragraphs of the complaint.

78. Responds to paragraph 112 by admitting that payments were made to the Local on or within two years before the Petition Date but denies that they were avoidable transfers.

79. Responds to paragraph 113 by averring that to the extent it states a conclusion of law, no responsive pleading is required and to the extent it makes allegations of fact, the Local denies knowledge or information sufficient to admit or deny the allegations.

80. Avers that paragraphs 114-15 set forth conclusions of law as to which no responsive pleading is required. To the extent a response is required, paragraphs 114-15 are denied.

81. For its response to paragraph 116, the Local restates its responses to the previous paragraphs of the complaint.

82. Responds to paragraph 117 by admitting that payments were made to the Local on or within two years before the Petition Date but denies that they were avoidable transfers.

83. Denies the allegations in paragraph 118.

84. Responds to paragraph 119 by averring that to the extent it states a conclusion of law, no responsive pleading is required and to the extent it makes allegations of fact, the Local denies knowledge or information sufficient to admit or deny the allegations. The Local denies that payments made to the Local were avoidable transfers.

85.     Denies knowledge or information sufficient to admit or deny the allegations in paragraphs 120-21.  The Local denies that payments made to the Local were avoidable transfers.

86.     Avers that paragraphs 122-23 set forth conclusions of law as to which no responsive pleading is required.  To the extent a response is required, paragraphs 122-23 are denied.

87.     For its response to paragraph 124, the Local restates its responses to the previous paragraphs of the complaint.

88.     Avers that paragraph 125 sets forth a conclusion of law as to which no responsive pleading is required.

89.     Responds to paragraph 126 by stating that to the extent it sets forth a conclusion of law, no responsive pleading is required and to the extent it asserts allegations of facts, the Local denies knowledge or information sufficient to admit or deny the allegations.  The Local denies that payments made to the Local were avoidable transfers.

90.     Responds to paragraph 127 by admitting that payments were made to the Local on or within six years before the Petition Date but denies that they were avoidable transfers.

91.     Responds to paragraph 128 by averring that to the extent it states a conclusion of law, no responsive pleading is required and to the extent it makes allegations of fact, the Local denies knowledge or information sufficient to admit or deny the allegations.  The Local denies that payments made to the Local were avoidable transfers.

92.     Avers that paragraph 129 sets forth conclusions of law as to which no responsive pleading is required.

93.     For its response to paragraph 130, the Local restates its responses to the previous paragraphs of the complaint.

94.     Avers that paragraph 131 sets forth a conclusion of law as to which no responsive pleading is required.

95.     Responds to paragraph 132 by stating that to the extent it sets forth a conclusion of law, no responsive pleading is required and to the extent it asserts allegations of fact, the Local denies knowledge or information sufficient to admit or deny the allegations.  The Local denies that payments made to the Local were avoidable transfers.

96.     Responds to paragraph 133 by admitting that payments were made to the Local on or within six years before the Petition Date but denies that they were avoidable transfers.

97.     Denies the allegations in paragraph 134.

98.     Denies knowledge or information sufficient to admit or deny the allegations in paragraphs 135-36.  The Local denies that payments made to the Local were avoidable transfers.

99.     Avers that paragraph 137 sets forth conclusions of law as to which no responsive pleading is required.  To the extent a response is required, paragraph 137 is denied.


## AFFIRMATIVE DEFENSES

1.     The complaint fails to state a claim upon which relief can be granted.

2.     The turnover and accounting claim in Count 1 fails, among other reasons, because the monies paid to the Local are not property of the estate.

3.     The disallowance claim in Count 3 fails, among other reasons, because the monies paid to the Local were not avoidable transfers.

- 11 -

4.      The fraudulent transfer claims in Counts 4-7 fail, among other reasons, because the Local took for value and in good faith.

5.      The fraudulent transfer claims in Counts 5 and 7 fail, among other reasons, because the Debtors received at least reasonably equivalent value.

6.      The claims are barred, in whole or in part, by the doctrine of set-off.

7.      The Local hereby asserts all defenses available under federal and under any applicable state law.  Additional facts may be revealed in discovery or otherwise that support additional defenses presently unknown to the Local.  The Local therefore reserves its right to assert additional defenses.

**WHEREFORE** the Local respectfully requests that the Court deny the relief requested in the complaint, enter a judgment dismissing the complaint, awarding it its attorneys fees and costs, and providing such other and further relief as the Court deems just and proper.

Dated:  December 17, 2012

/s/ *James R. Andary*
James R. Andary (P10165)
Jeffrey R. Davis (P47438)
Andary, Andary, Davis & Andary
10 South Main Street, Suite 405
Mount Clemens, MI 48043
Tel:  (586) 463-9883
Email:  jamesrandary@andarydavislaw.com

Of Counsel:
Peter D. DeChiara
Joshua J. Ellison
COHEN, WEISS AND SIMON LLP
330 West 42nd Street
New York, New York 10036-6976
Tel: 212-356-0216
Emails:  pdechiara@cwsny.com
jellison@cwsny.com

Attorneys for the Local

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document(s) was served on all counsel of record as indicated on the pleading, via the U.S. Bankruptcy Court's electronic e-filing system on December 13, 2012.

/s/ *James R. Andary*

/s/ *Jeffrey R. Davis*

James R. Andary (P10165)
Jeffrey R. Davis (P47438)
Andary, Andary, Davis & Andary
10 South Main Street, Suite 405
Mount Clemens, MI 48043
Tel: (586) 463-9883
Email: jamesrandary@andarydavislaw.com
        jrdavis@andarydavislaw.com
Of Counsel:
Peter D. DeChiara
Joshua J. Ellison
COHEN, WEISS AND SIMON LLP
330 West 42nd Street
New York, New York 10036-6976
Tel: 212-356-0216
Emails: pdechiara@cwsny.com
jellison@cwsny.com

Date: December 13, 2012